UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ERIC HORNBUCKLE,

    Plaintiff,
vs.                                  LEAD CASE NO.:1:06-CV-00035-SPM- AK

                                                  CONSOLIDATED CASE NOS:
ROBERT LEE WOODS, and SWIFT             1:06-CV-00036-SPM- AK
TRANSPORTATION COMPANY, INC.,          1:06-CV-00037-SPM- AK
                                                  1:06-CV-00038-SPM- AK

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FRAUD

THIS CAUSE comes for consideration upon Defendants' Motion to Dismiss for Fraud (Doc. 26) and Plaintiff's Response in Opposition (Doc. 29) and Memorandum in Opposition (Doc. 30). For the reasons set forth below, Defendants' Motion to Dismiss is DENIED.

**I. Background**

Plaintiff alleges that on January 8, 2002, Defendant Robert Lee Woods negligently operated Defendant Swift Transportation Company's car, struck Plaintiff's car, and caused Plaintiff injury. Plaintiff has been involved in other car accidents, including one in 1995 and one in 2001. Plaintiff was deposed by Defendants on May 30, 2006. Plaintiff served Answers to Interrogatories on

Defendants on May 25, 2006. Defendants allege that numerous statements of Plaintiff in the deposition and the interrogatory answers were knowingly false or fraudulent. Defendants argue that Plaintiff's complaint should be dismissed for fraud. Plaintiff argues that either the statements were not false, or if any were false, that they do not rise to the level of showing that Plaintiff has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system.

**II. Analysis**

    A. Fraud Upon the Court

A federal trial court has the authority to sanction a party for fraud. See Chambers v. NASCO, Inc., 501 U.S. 32, 50-51 (1991). Fraud upon the court can be shown if "'it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.'" Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989); see also Davenport Recycling Associates v. Comm'r of Internal Revenue, 220 F.3d 1255, 1262 (11th Cir. 2000) (finding that fraud upon the court involves a knowing, unconscionable scheme). As evidenced by the clear and convincing standard, dismissal is "an extreme remedy, and should not lightly be engaged." Aoude, 892 F.2d at 1118; see also Young v. Curgil, 358 So. 2d 58, 59

(Fla. 3d DCA 1978) (finding that dismissal "should be cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion or other similar wrongdoing.").

The "power to resolve disputes over the truth or falsity of claims belongs to a jury." <u>Jacob v. Henderson</u>, 840 So. 2d 1167, 1170 (Fla. 2d DCA 2003). A case factually similar to the instant case from the United States District Court for the Middle District of Florida found that "In determining which cases are egregious enough to warrant dismissal, courts have been mindful that '[t]rials result from factual disputes. In these disputes, the facts on one side are, at best, less true and, at worse, false or fraudulent.'" <u>Bryant v. Troutman</u>, 2006 WL 1640484, at *1-2  (M.D. Fla. Jun. 8, 2006) (quoting <u>Jacob</u>, 840 So. 2d at 1169). Thus, in many cases, factual inconsistencies can be resolved by the jury. Dismissal is warranted only in the most egregious and clear cases of fraud.

B. <u>The Instant Case</u>

In the instant case, it is not clear or convincing that Plaintiff has knowingly and unconscionably committed fraud on the court. Plaintiff has demonstrated that some of his statements, even if they were misstatements, were not purposely fraudulent. For example, Plaintiff stated in his deposition that he had not applied for Social Security disability prior to 2004 (Doc. 26, Ex. 1, Hornbuckle deposition, p. 29-30). Although he had actually applied for Social Security disability in 2000 (Doc. 26, Ex. 11), he later testified about this application and indicated that the

application was for an asthma condition (Doc. 30, Ex. 1, Hornbuckle deposition, p. 85). Thus, Plaintiff did not hide this application from Defendants. The application, moreover, is not material to litigation over car accident injuries.

Additionally, Plaintiff stated that his treating chiropractor, Dr. Merritt, never gave him a permanent impairment rating for the 2001 accident (Doc. 26, Ex. 1, Hornbuckle deposition, p. 16), but Defendants found that medical records show that Plaintiff was given an impairment rating (Doc. 26, Ex. 12, Final Report, p. 2). Dr. Merritt's deposition, however, indicates that Plaintiff was never informed that Dr. Merritt had made the impairment determination (Doc. 30, Ex. 5, Merritt deposition, p. 12). Hence, Plaintiff's misstatement was due to lack of knowledge. Defendants also allege that Plaintiff was fraudulent in omitting from the answer to the interrogatory question about other accidents (Doc. 26, Ex. 6, answer #23) a potential assault and a time when Plaintiff's leg gave out from under him (Doc. 26, Ex. 8). It is not clear that these incidents were "accidents" or that Plaintiff would have thought of those incidents as something to include in the interrogatory answers.

Defendants also allege that Plaintiff stated that he voiced all his current injuries in the emergency room the day afer the 2002 accident and that this was a false statement. However, Plaintiff only said that he was sore in many various areas on that day and did not specifically state that he voiced all of those pains in the emergency room (Doc. 26, Ex. 1, Hornbuckle deposition, p. 60). And even if

he did represent that he voiced the pains, the medical records show that he did complain of being sore all over while in the emergency room (Doc. 30, Ex. 2). It is not clear, then, that his statement was false or deliberately intended to be false.

Defendants also allege it was false for Plaintiff to state that he only had been injured in one other accident before the 2002 accident (Doc. 26, Ex. 1, Hornbuckle deposition, p. 12). Yet, Defendants do not specify as to why this was false (Doc. 26, paragraph 7). It seems that Plaintiff sustained some injury from a 1995 accident (Doc. 26, Ex. 6, answer #23) and from a 2001 accident (Doc. 26, Ex. 1, Hornbuckle deposition, p. 12). But, through the interrogatory answer and the deposition, he notified Defendants of both accidents. Thus, there does not appear to be an intent to hide the accidents from Defendants.

As to Defendants' other allegations of fraud, Defendants have not satisfied the strict test for justifying dismissal. The most questionable of Plaintiff's responses were that his 2001 injuries had healed by the time of the 2002 accident (Doc. 26, Ex. 1, Hornbuckle deposition, p. 14-16) and that his only injuries in 2001 were to his right shoulder and neck (id. at 14-15). The medical records are not absolutely clear that Plaintiff suffered other injuries in 2001 (Doc. 16, Ex. 3). Although Plaintiff may have been in pain in other areas in 2001, Defendants have not shown that this was caused by the 2001 accident, that Plaintiff was treated for those pains, or that Plaintiff would know that "injuries" would necessarily include such pains.

CASE NO.:1:06-CV-00035-SPM- AK

As to Plaintiff's representation that he was healed by the day of the 2002 accident, Defendants are correct that evidence shows Plaintiff was still being treated for those injuries the day before the 2002 accident (Doc. 26, Ex. 4). But Plaintiff's testimony as a whole does not seem to be a conscious attempt to hide the extent of his 2001 injuries. He did testify to seeing Dr. Merritt for the 2001 injuries about 45 times (Doc. 30, Ex. 1, Hornbuckle deposition, p. 14).

Additionally, Plaintiff's response shows that he reads at the fourth grade level and suffers from confusion (Doc. 30, Ex. 12, Indepth Neurological Assessment, p. 2-3). It could be that the incomplete or contradictory answers of Plaintiff were due to confusion, not due to a conscious scheme to defraud.[1]

## III. Conclusion

Defendants have not demonstrated clearly and convincingly that Plaintiff purposely committed fraud against the court. Many of Plaintiff's statements were not clearly false. For those that may have been misstatements, they were due to lack of knowledge, were possibly due to confusion, were not relevant to this litigation, or were not clearly an attempt to hide the correct information. Dismissal of Plaintiff's Complaint is therefore not warranted. Accordingly, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (doc.

---

[1] Defendants also allege, based on two documents (Doc. 26, Ex. 9 and Ex. 10), that Plaintiff omitted from his testimony a third prior accident and a second prior Social Security disability application. Neither documents provide enough information for this Court to assume that the accident or application actually occurred and that Plaintiff was fraudulent in not disclosing them.

CASE NO.:1:06-CV-00035-SPM- AK

26) is DENIED.

DONE AND ORDERED this 12th day of March, 2007.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

CASE NO.: 1:06-CV-00035-SPM- AK